RONALD HOWARD McCORD, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 21001

March 28, 1991                    807 P.2d 1378

*Frank J. Cremen,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, *James Tufteland,* Chief Deputy District Attorney, and *David Roger,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

On November 12, 1988, appellant Ronald McCord went to the Vegas Lounge in Las Vegas where he struck up a conversation with a woman at the bar. Donald Billman objected to the conversation and told McCord, "You can't talk to her that way." After further words were exchanged, McCord pulled a pistol from under his coat and shot Billman in the forehead. Billman was taken to the hospital where the wound was treated. His condition improved to the point where, approximately one month after being shot, he was well enough to be transferred to a rehabilitation unit. In late December, Billman experienced fever and seizures. X-rays showed an infection in his left lung. He died of pneumonia on December 31, 1988.

Following Billman's death, the complaint against appellant was amended from attempted murder to murder. At trial, the surgeon who operated on Billman following the shooting testified that the pneumonia was a result of Billman's weakened condition because of the shooting. The pathologist who performed the autopsy offered the same opinion.

At trial, appellant maintained that Billman's death was due to a superseding or intervening cause. The State's medical witnesses were cross-examined at length in an effort to establish that Billman's pneumonia and resulting death were not attributable to the gunshot wound. The coroner admitted that Billman's pneumonia was caused by bacteria, not by a gunshot wound. However, he also stated that the pneumonia would not have developed if Billman's physical condition had not been weakened by the gunshot wound. There was also evidence of a staphylococcus bacteria outbreak in the hospital at the time of Billman's death.

The jury found McCord guilty of second degree murder. He was sentenced to two life terms with the possibility of parole. McCord raises several issues on appeal, only one of which has merit. We now turn to this claim.

Appellant requested that the following instruction be given to the jury:

> The state must prove beyond a reasonable doubt that the defendant's act was the proximate cause of death. The proximate cause of death is that cause which in a natural and unbroken sequence produces the death. In this case the gunshot wound did not proximately cause the death if it is not the origin of the intervening pneumonia, but merely influenced the course of the intervening cause.

The court refused to give the instruction because it believed the matter was adequately covered by instruction No. 29, submitted earlier by the State. Instruction No. 29 stated:

> If you are satisfied beyond a reasonable doubt that an independent intervening cause of death did break the chain of causation you may find the defendant guilty of Attempted Murder With or Without the Use of a Deadly Weapon, or Attempted Voluntary Manslaughter With or Without the Use of a Deadly Weapon, if the evidence is sufficient to establish his guilt of that crime.

Appellant argues that instruction No. 29 shifted the burden of proof, making it his obligation to prove an independent or intervening cause of death beyond a reasonable doubt. We agree with appellant's assertion. The State may not impose a "beyond a reasonable doubt" burden to prove an affirmative defense which

negates an element of the offense. Kelso v. State, 95 Nev. 37, 42, 588 P.2d 1038, 1039 (1979). Instruction No. 29 imposed such a burden. We are therefore compelled to reverse appellant's conviction and we remand for a new trial.